## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EARL A. PONDEXTER,        ) | |
| ) | |
| Plaintiff,        ) | |
| ) | Civil Action No. 13-732 |
| ) | Hon. Nora Barry Fischer |
| v.        ) | |
| ) | |
| PENNSYLVANIA HUMAN RELATIONS ) | |
| COMMISSION, GOVERNOR THOMAS ) | |
| CORBETT, GERALD S. ROBINSON, ) | |
| Chairman, JOANN L. EDWARDS, ) | |
| Executive Director, LYLE M. WOOD, ) | |
| PHRC Representative, DIANE BLANCETT ) | |
| MADDOCK, Assistant Chief General ) | |
| Counsel/PHRC, THE ALLEGHENY ) | |
| COUNTY HOUSING AUTHORITY, et al, ) | |
| FRANK AGGAZIO, Executive Director, ) | |
| JOHN JOYCE, General Counsel, THOMAS ) | |
| MCPOYLE, Assistant General Counsel, ) | |
| JAMES BULLS, Director of Housing ) | |
| Operations, JAMES T. ZAPF, Assistant ) | |
| Director of Housing, DEBRA ) | |
| BRETENSTEIN, Legal Assistant/HR ) | |
| Department, et al, ) | |
| ) | |
| Defendants.        ) | |

## <u>ORDER OF COURT</u>

AND NOW, this 29th day of May, 2013, upon consideration of Plaintiff Earl A. Pondexter's

<u>Pro Se</u> Motion to Proceed In Forma Pauperis (Docket No. [1]),

IT IS HEREBY ORDERED that said Motion [1] is GRANTED as to the In Forma Pauperis

Status of <u>Pro Se</u> Plaintiff Earl A. Pondexter ONLY.

IT IS FURTHER ORDERED that the above captioned matter is dismissed, for lack of subject

matter jurisdiction.

1

In so holding, the Court notes that "[f]ederal courts are courts of limited jurisdiction." *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412 (3d Cir. 2010). To this end, this Court can only exercise subject matter jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, or civil actions wherein there is diversity of citizenship between the parties and the matter in controversy exceeds $75,000.00, 28 U.S.C. § 1332. "The burden is on the plaintiff to establish the existence of federal jurisdiction." *McCracken v. ConocoPhillips Co.*, 335 F.App'x. 161, 162-163 (3d Cir. 2009) (citing *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993)). Plaintiff's Complaint fails to establish the existence of federal jurisdiction and this Court is required to dismiss his Complaint. *See* Fed.R.Civ.P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Plaintiff avers that this Court has subject matter jurisdiction because his allegations raise a federal question under 28 U.S.C. § 1331. (Docket No. 1-1). However, this provision does not support the relief that he seeks in his Complaint, which is essentially a request that the Court reinstate his previous lawsuit that was dismissed by this Court at summary judgment, i.e., Civil Action Number 11-857. (*Id.*). Plaintiff's Complaint details why he believes that that case should not have been dismissed, primarily because said dismissal was supported by, what he alleges was, a sham affidavit. (*Id.*). A district court lacks "jurisdiction to adjudicate collateral challenges in the nature of appeals." *Gagliardi v. Standish*, 2011 WL 2410989, at *1 (3d Cir. Jun. 16, 2011). Only the United States Court of Appeals for the Third Circuit has subject matter jurisdiction over a challenge to a final order issued by a district court, including a dismissal of a civil action. *See* 28 U.S.C. §§ 1291, 1292. Thus, to the extent, he is trying to seek further review of that case Plaintiff's

Complaint must be dismissed for lack of subject matter jurisdiction.

Further, the Court has already addressed and denied Plaintiff's claims of race and disability discrimination in relation to housing applications in an extensive summary judgment decision. (Docket No. 112 at Civ. No. 11-857).  The Court then considered the assertions again and even addressed Plaintiff's averments regarding the veracity of the Mr. Bull's affidavit, in its denial of Plaintiff's Motion for Reconsideration.  (Docket No. 121 at Civ. No. 11-857).  On January 15, 2013, the Third Circuit affirmed this Court's decisions and on May 3, 2013 handed down its Mandate on same.  (Docket Nos. 125, 126 at Civ. No. 11-857).  Thus, the doctrine of *res judicata/*collateral estoppel precludes reconsideration of Plaintiff's claim, because there was a final judgment on the merits in a prior suit involving the same cause of action with the same parties or their privities. *McCoy-Jones v. Indiana Borough,* Civ. No. 12-152, 2012 WL 3686773 (W.D. Pa. Aug. 24, 2012); *Moore v. DiGuglielmo,* 489 F. App'x 618, 624 (3d Cir. 2012) *cert. denied,* 133 S. Ct. 622, 184 L. Ed. 2d 404 (U.S. 2012).   Therefore, to the extent Plaintiff is trying to re-litigate issues that were already decided, Plaintiff's Complaint must also be dismissed for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P 12(b)(6); *Bullock v. Klein,* 502 F. App'x 113, 116 (3d Cir. 2012); *Tauro v. A Yet Unnamed Domestic Relations Worker Known as Worker ID $IATT,* 205 F. App'x 924, 925 (3d Cir. 2006) (affirming *sua sponte* dismissal based on *res judicata*).

For these reasons, Plaintiff has failed to meet his burden to establish subject matter jurisdiction.  Therefore, Plaintiff's Complaint is DISMISSED.  The Clerk of Court is directed to mark this case CLOSED.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc:        Earl A. Pondexter
             P.O. Box 2311
             Grant Street
             Pittsburgh, PA 15230
             (Regular & Certified Mail)