IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EARL A. PONDEXTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 13-732 |
| | ) Hon. Nora Barry Fischer |
| PENNSYLVANIA HUMAN RELATIONS | ) |
| COMMISSION, GOVERNOR THOMAS | ) |
| CORBETT, GERALD S. ROBINSON, | ) |
| Chairman, JOANN L. EDWARDS, | ) |
| Executive Director, LYLE M. WOOD, | ) |
| PHRC Representative, DIANE BLANCETT | ) |
| MADDOCK, Assistant Chief General | ) |
| Counsel/PHRC, THE ALLEGHENY | ) |
| COUNTY HOUSING AUTHORITY, et al, | ) |
| FRANK AGGAZIO, Executive Director, | ) |
| JOHN JOYCE, General Counsel, THOMAS | ) |
| MCPOYLE, Assistant General Counsel, | ) |
| JAMES BULLS, Director of Housing | ) |
| Operations, JAMES T. ZAPF, Assistant | ) |
| Director of Housing, DEBRA | ) |
| BRETENSTEIN, Legal Assistant/HR | ) |
| Department, et al, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## ORDER OF COURT

AND NOW, this 28th day of June, 2013, upon consideration of Plaintiff Earl A. Pondexter's "Motion for Reconsideration re Order Dismissing Case" (Docket No. [3]), wherein he requests the Court reconsider its May 29, 2013 decision (Docket No. 2), dismissing his complaint for lack of subject matter jurisdiction,

IT IS HEREBY ORDERED that said Motion [3] is DENIED. In so holding the Court notes the following.

1

Motions for reconsideration are granted sparingly "[b]ecause federal courts have a strong interest in finality of judgments." *Jacobs v. Bayha*, No. 07-237, 2011 WL 1044638, at *2 (W.D.Pa. Mar. 18, 2011). "Because of the interest in finality, at least at the district court level … the parties are not free to relitigate issues the court has already decided." *Williams v. City of Pittsburgh*, 32 F.Supp.2d 236, 238 (W.D.Pa. 1998) (citing *Rottmund v. Continental Assurance Co.*, 813 F.Supp. 1104, 1107 (E.D.Pa. 1992)).  The purpose of a motion for reconsideration is "'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)).  A Court may grant a motion for reconsideration if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence which was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Max's Seafood Café*, 176 F.3d at 677 (citing *North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).

In this instance case there is no new intervening change in the controlling law or new evidence available to the Court.  Indeed, Plaintiff argues as the basis for his motion that the Court must correct a clear error. (Docket No. 3 at 8).  Plaintiff's complaint in the present case challenges the dismissal of his prior civil suit at civil number 11-857, mainly due to what he alleges was reliance on a sham affidavit.  (Docket No. 1).  Dismissal of that civil case was affirmed by the Court of Appeals for the Third Circuit on May 3, 2013.  (Docket Nos. 125, 126 at Civ. No. 11-857).  Accordingly, the Court dismissed the instant complaint because it lacked "jurisdiction to adjudicate collateral challenges in the nature of appeals" and on the basis of res judicata/collateral estoppel. *Gagliardi v. Standish*, 431 F. App'x 117, 118 (3d Cir. 2011); (Docket No. 2).

Plaintiff's current motion for reconsideration makes it even more clear that in this suit he is attempting to challenge both this Court's and the Third Circuit's opinion on his previous civil suit at civil action number 11-857.  (Docket No. 3 at 19) ("Plaintiff intends to file an appeal in the racist 3rd Circuit Court of Appeal…relative to their racist tyrannical proclivities and in affirming Judge Fischer's clearly erroneous judgment").  As previously stated in the Court's order dismissing this case (Docket No. 2 at 2), a district court lacks "jurisdiction to adjudicate collateral challenges in the nature of appeals." *Gagliardi v. Standish*, 431 F. App'x 117, 118 (3d Cir. 2011).  Only the United States Court of Appeals for the Third Circuit has subject matter jurisdiction over a challenge to a final order issued by a district court, including dismissal of a civil action.  *See* 28 U.S.C. §§ 1291, 1292.  Moreover, to the extent that Plaintiff continues to claim res judicata and/or collateral estoppel principles do not apply, the Court reiterates that collateral estoppel bars plaintiff's claims because the issues are the same as those in the prior action, were actually litigated, determined by a final and valid judgment, and such determination was essential to that prior judgment.  *Burlington N. R. Co. v. Hyundai Merch. Marine Co., Ltd.*, 63 F.3d 1227, 1232 (3d Cir. 1995).  As such, Plaintiff's claims must be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2).  *Tauro v. Allegheny Cnty.,* Civ. No. 09-0354, 2009 WL 4262977 (W.D. Pa. Nov. 24, 2009).

Accordingly, Plaintiff Motion for Reconsideration [3] is DENIED.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc:     Earl A. Pondexter
        P.O. Box 2311
        Grant Street
        Pittsburgh, PA 15230
        (Regular & Certified Mail)